STATE OF MICHIGAN

 COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 317129
 Ottawa Circuit Court
THEODORE GRAY, SR., LC No. 12-036988-FC

 Defendant-Appellant.

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

PER CURIAM.

 A jury convicted defendant of three counts of first-degree criminal sexual conduct (CSC-
I) in violation of MCL 750.520b(1)(a), (sexual penetration with a victim under 13 years of age),
in connection with the long-term molestation of defendant’s niece. Defendant challenges the
admission of evidence that he had similarly sexually assaulted young relatives in the past,
defense counsel’s performance in failing to interview and present certain witnesses, and the
court’s determination at sentencing that defendant had taken his victim to a place of greater
danger to commit the offenses. Defendant’s challenges are all without merit. We therefore
affirm.

 II. BACKGROUND

 The 24-year-old victim testified that defendant is married to her maternal aunt (DG) and
the victim often spent the night at defendant’s home as a child. She alleged that defendant began
sexually assaulting her when she was five years old. The victim claimed that the initial assaults
involved digital-vaginal penetration and escalated to fellatio over time. On one occasion when
she was eight years old, the victim asserted that defendant blew some sort of smoke or dust in
her face that made her feel “very out of it.” When the victim was 10 or 11, defendant escalated
his conduct to penile-vaginal penetration.

 Prior to trial, the prosecutor filed a notice of intent to introduce evidence that defendant
had committed other acts of sexual assault against minors pursuant to MCL 768.27a.
Specifically, the victim’s mother (AC) and AC’s twin sister (AA) would testify that they met
defendant when they were eight years old and defendant began dating their older sister. Both
women planned to testify that defendant engaged in a long-term course of escalating sexual
assaults upon them and often gave them alcohol beforehand to subdue them. The trial court

 -1-
admitted this evidence and AC and AA gave testimony tending to support the victim’s
allegations.

 Defendant presented witnesses to impeach the victim’s credibility. The jury discredited
their testimony, however, and convicted defendant as charged.

 II. PRIOR ACTS EVIDENCE

 Defendant first challenges the trial court’s admission of AC’s and AA’s testimony. We
review the trial court’s evidentiary ruling for an abuse of discretion, People v Crawford, 458
Mich 376, 383; 582 NW2d 785 (1998), and underlying legal questions de novo. People v
Mardlin, 487 Mich 609, 614; 790 NW2d 607 (2010).

 The prosecution notified defendant of its intent to introduce evidence of other uncharged
acts under MCL 768.27a, which provides, “in a criminal case in which the defendant is accused
of committing a listed offense against a minor, evidence that the defendant committed another
listed offense against a minor is admissible and may be considered for its bearing on any matter
to which it is relevant.”1 Our Supreme Court has held that MCL 768.27a permits admission of
other acts evidence even if its only relevance is to show the propensity of the defendant to
commit the charged offense. People v Watkins, 491 Mich 450, 470; 818 NW2d 296 (2012).
MCL 768.27a conflicts with and prevails over the MRE 404(b) preclusion of character or
propensity evidence of this nature. Watkins, 491 Mich at 455.

 Defendant’s sexual assaults of AA and AC qualify as listed offenses against minors as
contemplated in MCL 768.27a. However, evidence admitted under MCL 768.27a remains
subject to MRE 403, and must be analyzed under that evidentiary rule before being presented to
the jury. Watkins, 491 Mich at 481. MRE 403 provides, “Although relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of
time, or needless presentation of cumulative evidence.” (Emphasis added.) Evidence is deemed
unfairly prejudicial under MRE 403 “when there exists a danger that marginally probative
evidence will be given undue or preemptive weight by the jury.” People v Ortiz, 249 Mich App
297, 306; 642 NW2d 417 (2001).

 In Watkins, our Supreme Court provided guidance in applying MRE 403 to propensity
evidence proffered under MCL 768.27a. Notably, “[t]o weigh the propensity inference derived
from other-acts evidence in cases involving sexual misconduct against a minor on the prejudicial
side of the balancing test would be to resurrect MRE 404(b), which the Legislature rejected in
MCL 768.27a.” Watkins, 491 Mich at 486. Therefore, when a trial court is conducting its MRE
403 balancing analysis, it “must weigh the propensity inference in favor of the evidence’s
probative value rather than its prejudicial effect. That is, other-acts evidence admissible under
MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it
allows a jury to draw a propensity inference.” Watkins, 491 Mich at 487.

1
 CSC-I is a listed offense against a minor. MCL 28.722(e)(x); MCL 768.27a(2)(a).

 -2-
 The Supreme Court outlined an “illustrative rather than exhaustive” list of factors a trial
court may consider during its MRE 403 balancing test. Watkins, 491 Mich at 487. These
include:

 (1) the dissimilarity between the other acts and the charged crime, (2) the
 temporal proximity of other acts to the charged crime, (3) the frequency of the
 other acts, (4) the presence of intervening acts, (5) the lack of reliability of the
 evidence supporting the occurrence of the other acts, and (6) the lack of need for
 evidence beyond the complainant’s and the defendant’s testimony. [Id. at 487-
 488.]

Trial courts are also permitted to limit the amount of other acts evidence admitted under MCL
768.27a to avoid “ ‘confusion of the issues, or misleading the jury, or by considerations of undue
delay, waste of time, or needless presentation of cumulative evidence.’ ” Watkins, 491 Mich
489, quoting MRE 403.

 Defendant’s acts toward AA and AC were strikingly similar to the charged acts against
the current victim. All victims are defendant’s relatives: AA and AC are defendant’s younger
sister-in-laws and the current victim is defendant’s niece. The girls were close in age when the
assaults began: AA and AC were eight while the victim was five. All offenses occurred while
the girls were staying overnight in the same house as defendant. Defendant’s sexual assaults of
all three girls escalated over a long time period, beginning with touching or digital penetration
and moving into fellatio before penile-vaginal penetration. During penile-vaginal penetration,
defendant covered all three victims’ mouths with his hand to silence them. AC testified that, like
the victim, defendant would move her to an isolated part of the house to commit his assaults.
AA and AC also testified that defendant sometimes gave them alcohol to subdue them. This was
similar to defendant blowing a narcotic in the victim’s face to make her feel “out of it.”

 While defendant’s sexual assaults of AA and AC occurred approximately 20 years before
that of the current victim, the similarity of the acts diminishes the import of the temporal divide.
See People v Brown, 294 Mich App 377, 387; 811 NW2d (2011) (“The remoteness of the other
act affects the weight of the evidence rather than its admissibility.”). Moreover, such
corroborating evidence for the victim’s allegations was necessary in light of defendant’s
presentation of other family members to disclaim that the events occurred and to impugn the
victim’s veracity. Given the probative value of this evidence, the circuit court acted within its
discretion in admitting the testimony of AA and AC.

 In addition, the danger of unfair prejudice was reduced when the trial court instructed the
jury consistent with CJI2d 20.28a regarding the proper use of MCL 768.27a evidence. As noted
in Watkins, 491 Mich at 480, this instruction is a “tool” that can be used to limit prejudice by
“ensur[ing] that the jury properly employs that evidence.” Jurors are presumed to follow their
instructions, People v Graves, 458 Mich 476, 486; 581 NW2d 229 (1998), and thereby only
convict a defendant if they believe he committed the charged offense, not any past misdeed.

 Although not included in his statement of the questions presented, defendant also
challenges the admission of a third witness’s testimony in the body of his appellate brief.
Despite that this challenge was not properly presented to this Court, we briefly address it. See

 -3-
MCR 7.212(C)(5); People v Brown, 239 Mich App 735, 748; 610 NW2d 234 (2000). Before
trial, the prosecutor sought to present the testimony of PJS regarding her relationship with
defendant, including evidence that defendant had blown crack cocaine smoke in her face prior to
intercourse. The court excluded PJS’s testimony about that particular act. As a result, PJS
testified only that she was a friend of defendant’s teenage daughter when she met defendant at
the age of 17 and began an adulterous relationship with him, eventually giving birth to two
children. We agree with defendant that this evidence was completely irrelevant to the matters at
hand and should not have been presented to the jury. This error was harmless, however, in light
of the victim’s testimony about the assaults perpetrated against her and AA’s and AC’s
corroborating testimony.

 III. OV 8

 Defendant challenges the trial court’s score of 15 points for offense variable (OV) 8 at
the sentencing hearing. Pursuant to MCL 777.38, a sentencing court must consider whether the
defendant engaged in “victim asportation or captivity.” Fifteen points must be scored when “[a]
victim was asported to another place of greater danger or to a situation of greater danger or was
held captive beyond the time necessary to commit the offense.” MCL 777.38(1)(a). To establish
asportation, the movement of the victim must “not be incidental to committing an underlying
offense.” People v Spanke, 254 Mich App 642, 647; 658 NW2d 504 (2003). Asportation
requires some movement of the victim beyond that incidental to the commission of the
underlying offense, but can occur without the use of force against the victim. People v Dillard,
303 Mich App 372, 379; 845 NW2d 518 (2013). A place of greater danger includes an isolated
location where criminal activities might avoid detection. Id.

 When reviewing a trial court’s scoring decision, the court’s factual determinations are
reviewed for clear error and must be supported by a preponderance of the evidence. People v
Hardy, 494 Mich 430, 438; 835 NW2d 340 (2013). “Clear error exists when the reviewing court
is left with a definite and firm conviction that a mistake was made.” People v McDade, 301
Mich App 343, 356; 836 NW2d 266 (2013). “Whether the facts, as found, are adequate to
satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is
a question of statutory interpretation, which an appellate court reviews de novo.” Hardy, 494
Mich at 438. “Offense variables must be scored giving consideration to the sentencing offense
alone, unless otherwise provided in the particular variable.” People v McGraw, 484 Mich 120,
133; 771 NW2d 655 (2009).

 Defendant’s sentencing information report reveals that his sentence was based on the
scoring of the offense variables in relation to the third CSC-I count: penile-vaginal penetration.
In relation to that offense, the victim testified that when she was 10 or 11 years old, defendant
summoned her into the pantry where he covered her mouth to silence her and then sexually
assaulted her. This was an isolated room where defendant’s offense was unlikely to be detected
by others. Therefore, a preponderance of the record evidence supports that defendant asported
the victim to a place of greater danger, thereby justifying the 15-point score for OV 8.

 -4-
 IV. ASSISTANCE OF COUNSEL

 In a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No.
2004-6, Standard 4, defendant contends that his trial counsel was ineffective because he 1) failed
to investigate or interview witnesses to impeach the victim’s testimony, and at trial, did not call
additional witnesses who had personal knowledge about the victim’s reputation for telling the
truth and whether she committed perjury, 2) did not interview certain individuals whom
defendant identified as possible additional defense witnesses, and 3) did not obtain a plea offer
from the prosecution.

 To preserve a claim of ineffective assistance of counsel, the defendant must move for a
new trial or an evidentiary hearing under People v Ginther, 390 Mich 436, 443; 212 NW2d 922
(1973). People v Payne, 285 Mich App 181, 188; 774 NW2d 714 (2009). Defendant failed to
seek such a hearing below, but filed a motion in this Court requesting a remand to pursue a
Ginther hearing. This Court denied defendant’s remand motion. People v Gray, unpublished
order of the Court of Appeals, entered January 14, 2014 (Docket No. 317129). This Court’s
order was issued on the merits of the request as follows:

 While defendant-appellant has supported his motion with an affidavit or offer of
 proof, he has failed to show that his trial attorney inadequately investigated all
 possible witnesses. Defendant-appellant has not shown that he can overcome the
 presumption that his attorney chose not to call additional defense witnesses for
 strategic reasons or that he can prove that the failure to call additional defense
 witnesses affected the outcome of the trial. Furthermore, defendant-appellant
 cannot establish that his trial counsel was ineffective for not negotiating a plea
 deal when he has not offered any proof that the prosecution was willing to agree
 to a plea bargain and defendant-appellant had no right to receive a plea offer from
 the prosecution. [Id.]

Defendant did not seek reconsideration of that order and its conclusions are now the law of the
case. We may not revisit these challenges. See People v White, ___ Mich App ___, ___; ___
NW2d ___ (Docket No. 315579, issued October 23, 2014), slip op at 2 (declining to address an
issue raised in an early motion that this Court denied on the merits). See also People v Hayden,
132 Mich App 273, 297; 348 NW2d 672 (1984).

 We affirm.

 /s/ Mark T. Boonstra
 /s/ Pat M. Donofrio
 /s/ Elizabeth L. Gleicher

 -5-