# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FRANK ALLEN LEVI HOLLAND,

        Defendant-Appellant.

UNPUBLISHED
January 15, 2015

No. 318608
Calhoun Circuit Court
LC No. 2011-003991-FC

Before: TALBOT, C.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant Frank Allen Levi Holland appeals by right the trial court's sentences issued after remand from this Court. Because we conclude there were no errors warranting relief, we affirm.

A jury convicted Holland of two counts of armed robbery, MCL 750.529, two counts of unlawful imprisonment, MCL 750.349b, unlawfully driving away a motor vehicle, MCL 750.413, and unlawful possession of a taser, MCL 750.224a. Holland appealed his convictions and sentences and this Court affirmed the convictions, but vacated his sentences and remanded for resentencing.[1] On remand, the trial court sentenced Holland as a third-offense habitual offender, MCL 769.11, to serve 248 to 570 months in prison for one armed robbery conviction and to serve 284 to 570 months in prison for the other.[2] It also sentenced him to serve 126 to 252 months in prison for the unlawful imprisonment conviction, to 48 to 120 months in prison for his unlawful driving away of a motor vehicle conviction, and to 30 to 96 months in prison for his possession of a taser conviction.

---

[1] *People v Holland*, unpublished opinion per curiam of the Court of Appeals, issued May 16, 2013 (Docket No. 310545).

[2] The judgment of sentence shows that the trial court sentenced Holland to different minimum terms for his robbery convictions, but, at the sentencing hearing, the trial court appeared to sentence Holland to serve 284 to 570 months in prison for each conviction.

-1-

In this appeal, Holland argues that the trial court improperly scored Offense Variable (OV) 1 and OV 8. We decline to consider whether the trial court clearly erred when it scored OV 1 on the basis of Holland's possession of a taser because his lawyer waived any claim of error with regard to that variable. Waiver is the intentional relinquishment or abandonment of a known right. *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999). A defendant waives a claim of error by expressly approving the trial court's action. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). Here, Holland's lawyer expressly agreed with the trial court's decision to score OV 1 at 15 points. Consequently, there is no error to review. *Id*. at 216.

The law of the case doctrine similarly prevents Holland from challenging the trial court's decision to score OV 8. The law of the case doctrine "provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994). In this Court's prior decision, we determined that the trial court properly scored OV 8 at 15 points. As such, the trial court had to follow that determination.

Even if we were to consider the claim, the record showed that Holland took the victims to a more secluded area in the back of the restaurant. The back office area was not equipped with windows; it was rarely visited by employees; and it was out of view of the kitchen. This area could be construed an area of "greater danger" because it was an isolated location where criminal activities could avoid detection. MCL 777.38(1)(a); *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013). Thus, the trial court did not clearly err when it scored OV 8 at 15 points. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly