# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD LEE RADCLIFFE,

Defendant-Appellant.

UNPUBLISHED
June 2, 2015

No. 319175
Grand Traverse Circuit Court
LC No. 13-011634-FC

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

RONAYNE KRAUSE, J. (*concurring.*)

While I concur with the result of the majority opinion, I write separately to address my belief that OV 8 and OV 12 were properly scored by the trial court.

OV 8 assigns 15 points where "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). "Asportation does not require force; asportation for the purpose of OV 8 may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger." *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518, 522 (2013).

There is a distinction between accompanying a defendant and being lured by the defendant. I agree that Black's Law Dictionary (10th ed) defines "asportation" as "[t]he act of carrying away or removing." Here, defendant did not carry away or physically remove the officers. However, it is clear that asportation is scored to reflect the gravity of *inducing* movement to a place of greater danger. Whether the officers were "removed" by force or by artifice is secondary.

Here, defendant deliberately led the officers into a "situation of greater danger" under MCL 777.38(1)(a). When reached by telephone defendant lied to the police stating that he was outside his house waiting to make contact with the police and gave the police a description matching the description of his stepson, who was in fact standing outside defendant's house talking on his phone. By this deception, the police believed defendant was the man standing in the driveway. The officers believed that their suspect was unarmed, alone, and willing to cooperate, which was clearly not the case as defendant was in his house with an AK-47 rifle. Accordingly, the police did not use the same degree of precaution they would have used had they

-1-

believed there was an armed gunman in the house, which makes it axiomatic that the police were placed in a situation of greater danger.

Additionally, believing that the stepson was the suspect who had fired the shot, and observing that he was unarmed and willing to cooperate, three police officers approached him — two on foot and one in a pickup truck. Just as the officers reached this position in front of defendant's residence, defendant began firing at them from the front porch. Four bullets passed directly over the pickup and the officers and lodged in the refrigerator in the house across the street. One officer returned fire and defendant quickly retreated into his house. Even though the officers voluntarily moved into positon, defendant's act of deception constituted asportation "to a situation of greater danger" because he deliberately led them to that positon and the voluntary movement of the officers is of no consequence in any event in scoring OV 8. *Id.* at 379. OV 8 was properly scored.

OV 12 was unpreserved for appeal in this case. It assigns 5 points where either "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed" or "[t]wo contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(d & e).

It is unclear from the record what acts other than the sentencing offenses formed the basis of the court's decision to assign 5 points for OV 12. However, there was no plain error because any error in scoring 5 OV points cannot affect defendant's substantial rights since reducing his score by 5 points would not change the "sentencing grid" under which defendant was sentenced. Defendant was sentenced as a Class A offender and assigned 165 OV points. Under MCL 777.62, 100 or more points place a defendant into the class VI column. Whether defendant's score is 160 or 165 the sentencing guidelines were not impacted.

I simply will not find plain error when, defendant had plainly committed a separate act of felony firearm as to each of the primary charges, which alone would constitute 5 felonies. See *People v Mitchell*, 456 Mich 693, 698; 575 NW2d 283 (1998).


/s/ Amy Ronayne Krause

-2-