# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ISAAC LAMAR WOODS,

        Defendant-Appellant.

UNPUBLISHED
December 15, 2016

No. 329208
Ionia Circuit Court
LC No. 2015-016359-FH

Before: WILDER, P.J., and MURPHY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Isaac Lamar Woods, was convicted by a jury of assault with intent to do great bodily harm less than murder (AGBH), MCL 750.84, and prisoner in possession of a weapon, MCL 800.2834, and sentenced as fourth-offense habitual offender, MCL 769.12, to six to 20 years in prison on each count. He appeals as of right his August 4, 2015 judgment of sentence. We affirm his conviction and sentence but remand for the ministerial task of correcting the presentence investigation report (PSIR).

Defendant's convictions arise out of an altercation at Ionia Correctional Facility's prison yard where defendant repeatedly stabbed another prison several times with an eight-inch metal rod. Defendant was subsequently charged with the offenses identified above. At trial, the jury heard the victim's, three corrections officers', an inspector's, a detective sergeant's, and a nurse's testimony and viewed surveillance video of the altercation. At least two corrections officers observed defendant stab the victim several times in the "head and neck area," defendant admitted to the detective sergeant that "when he stabs someone he wants them to know that he's serious about it, and that had [the victim] not been wearing his coat he would've killed him," and the victim recalled being stabbed "three times in the back of the head" by defendant. Defendant was convicted and sentenced as described above, and this appeal followed.

On appeal, defendant argues that there was insufficient evidence to support his AGBH conviction. We disagree. This Court reviews a defendant's challenge to the sufficiency of the evidence de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In reviewing sufficiency of the evidence claims, this Court views the evidence in the light most favorable to the prosecutor and determines whether a rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000). "The standard of review is deferential: a reviewing

-1-

court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id*. at 400.

The elements of AGBH are "an attempt or threat with force or violence to do corporal harm to another (an assault)" and "an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). While "intent to do great bodily harm" is not defined by statute, this Court has defined it as " 'an intent to do serious injury of an aggravated nature.' " *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005), quoting *People v Mitchell*, 149 Mich App 36, 39; 385 NW2d 717 (1986). "Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014). Intent can be inferred from the defendant's actions, including the use of a dangerous weapon. *Id*. Although actual physical injury is not required to demonstrate either assault or intent, any injury suffered may be considered as "indicative of a defendant's intent." *Id*. A jury may presume that defendant intended the natural consequences of his actions. *People v Dillard*, 303 Mich App 372, 378; 845 NW2d 518 (2013).

Applying those rules to this case, we conclude that there was sufficient evidence presented by the prosecution for a reasonable jury to conclude that defendant committed an assault and acted with the intent to do great bodily harm upon the victim. First, testimony from the victim and corrections officers, as well as the surveillance video from the prison yard and the corrections officer's and detective sergeant's testimony regarding defendant's statements to them after the altercation, established that defendant stabbed the victim with a sharpened metal rod. Thus, it is clear that the jury could reasonably conclude that an assault took place. *Parcha*, 227 Mich at 239.

While defendant's intent at the time of the altercation is not quite as obvious, his statements to the officers who testified sufficiently established that defendant attacked the victim with the intention to cause serious, aggravated injury. *Brown*, 267 Mich App at 147. Defendant's statements demonstrated that he felt disrespected by the victim's refusal to return loaned coffee and that he stabbed the victim in retaliation. Indeed, defendant expressly admitted that "when he stabs someone he wants them to know that he's serious about it, and that had [the victim] not been wearing his coat he would've killed him." In our view, these statements alone satisfied the requisite amount of circumstantial evidence needed to prove defendant's intent to cause great bodily harm. *Stevens*, 306 Mich App at 629.

Further, intent may be inferred not only from defendant's statements regarding his intent, but also from his actions and the manner in which he performed them. *Stevens*, 306 Mich App at 629. Here, defendant used an eight-inch metal rod, which several witnesses described as a "shank," to stab the victim repeatedly around the back of the head, neck, and shoulders. The natural consequence of stabbing someone repeatedly with a sharpened metal rod around the head, neck, and shoulders is typically serious injury. See *Dillard*, 303 Mich App at 378. Had the victim not been wearing a heavy jacket or able to defend himself, the injuries could have been much more severe, and defendant acknowledged this as true. A reasonable jury could have inferred that defendant, by stabbing the victim multiple times with a sharp object, intended to cause great bodily injury. *Nowack*, 462 Mich at 399-400.

On appeal, defendant argues that "great bodily injury" should be understood as "a physical injury that could seriously and permanently harm the health or function of the body," a definition drawn from the Michigan Model Jury Instructions. However, the word "permanently" was removed from the Michigan Model Criminal Jury Instruction for AGBH in 2007 to reflect the fact that an injury does not have to be permanent to be a "great bodily injury." M Crim JI 17.7(4).

Defendant also emphasizes the lack of injury suffered by the victim as evidence that defendant did not have the requisite intent to cause great bodily injury. Defendant argues that if he had intended to cause such an injury, he would have easily been able to do so considering the nature of the weapon. However, the presence or absence of physical injury is not dispositive. *Stevens*, 306 Mich App at 629. A reasonable jury, while taking into account the lack of physical injury, may still have found that, given the weapon used, the amount of stabs, the direction of stabs to the head and neck area, the manner in which defendant stabbed the victim as seen on the surveillance video, and defendant's statements to police and corrections officers, defendant intended to cause great bodily injury to the victim.

Accordingly, we conclude that there was sufficient evidence for the jury to find defendant guilty of AGBH beyond a reasonable doubt. Therefore, we affirm defendant's convictions and sentences. On appeal, defendant also argues that he is entitled to have the PSIR corrected to reflect a decision made by the trial court during sentencing with respect to his psychiatric history. The prosecution concedes the same, and we agree. Therefore, this matter is remanded to the trial court for the ministerial task of correcting the PSIR in this regard. See *People v Spanke*, 254 Mich App 642, 649-650; 658 NW2d 504 (2003).

Affirmed but remanded.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Colleen A. O'Brien

-3-