*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GREGERY ROBERT LYTLE,

        Defendant-Appellant.

UNPUBLISHED
November 17, 2022

No. 358226
Isabella Circuit Court
LC No. 2020-001338-FH

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84.[1] Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 42 months to 20 years' imprisonment. We affirm.

## I. BACKGROUND

Defendant showed up unannounced at his ex-girlfriend's house in November 2020. When she refused to let him into the house and told him to leave, he called her a "stupid b\*\*\*\*" and began punching her. Defendant punched the victim three times in the face, causing her to trip and fall. While the victim was still on the ground, defendant kicked her in the mouth with his work boots. The assault knocked out one of the victim's front teeth, split another tooth in half, and embedded two others into her gums. A few hours after the assault, defendant was arrested, provided with *Miranda* warnings,[2] and interviewed by a Michigan State Police Trooper. During the interview, defendant admitted to striking the victim, and he was subsequently taken to jail.

---

[1] The jury acquitted defendant of first-degree home invasion, MCL 750.110a(2), and aggravated domestic violence, MCL 750.81a(2).

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602 (1966).

## II.  PROSECUTORIAL MISCONDUCT

Defendant first argues that he was denied a fair trial and that his conviction should be reversed because the prosecutor argued facts that were not in evidence during closing argument. We disagree that reversal is required.

Because defendant failed to preserve the alleged error by a contemporaneous objection and a request for a curative instruction, our review of this issue is under the plain-error doctrine.  *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).  To obtain appellate relief, defendant must show: (1) an error occurred, (2) the error was clear or obvious, and (3) the error affected substantial rights.  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  To satisfy the third element, the defendant must show that the error "affected the outcome of the lower court proceedings."  *Id*.  Reversal is discretionary, and we will only reverse "when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence."  *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citations omitted).

Claims of prosecutorial misconduct are reviewed "on a case-by-case basis by examining the record and evaluating the remarks in context . . . ."  *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010) (quotation marks and citation omitted; ellipsis in original).  We examine the prosecutor's remarks "in context to determine whether they denied defendant a fair trial."  *People v Bahoda*, 448 Mich 261, 267; 531 NW2d 659 (1995).  Prosecutors are "accorded great latitude regarding their arguments and conduct."  *Id*. at 282 (quotation marks and citation omitted).  A prosecutor "may not make a statement of fact that is unsupported by the evidence," but "may argue reasonable inferences arising from the evidence to the extent that the inferences relate to the prosecutor's theory of the case."  *People v Lane*, 308 Mich App 38, 67; 862 NW2d 446 (2014).

Defendant argues that he was denied a fair trial because the prosecutor relied on facts not in evidence during his closing argument.  In describing the assault to the jury, the prosecutor stated:

> Aggravated domestic violence.  The defendant tried to physically injure another person.
>
> \* \* \*
>
> [T]he Defendant tried to injure Morgan Prout or intended to make Morgan Prout reasonably fear an immediate battery.  Of course it [sic] did, because he hit her more than one time.  She isn't just—and you heard testimony, it wasn't a situation she got hit just one time and kind of threw her hands up in the air like you need to leave.  She told her (sic) to leave.  She told him to leave and he called her a stupid bitch.  *And that's what she gets according to what he told her, that's what you get for not letting me in your house.  You're just going to get beat, and that's exactly what happened.*  [Emphasis added.]

Defendant takes the emphasized remark literally, arguing that the prosecutor improperly stated that defendant actually told the victim that he would assault her if she did not let him into the house.  More likely, the prosecutor was indicating that defendant *figuratively* told the victim,

through his actions and his vulgar name-calling, "[T]hat's what you get for not letting me into your house." The victim testified that after she refused to let defendant into her house, he called her a "stupid b****" and assaulted her. Prosecutors are generally given great latitude in their arguments, and they are free to argue all reasonable inferences from the evidence that relate to their theory of the case. *Lane*, 308 Mich App at 67; *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). The prosecutor's theory was that defendant was angry that the victim denied him entry into her home and wanted to make her regret it. When the remark is reviewed in context, it appears that the prosecutor did not intend for his remark to be taken literally. It is difficult to find a "clear or obvious" error in this situation. See *Carines*, 460 Mich at 763.

Regardless, even if the prosecutor's remark was improper, defendant has failed to show that reversal is warranted. The remark comprised only two sentences of a closing argument that spanned six transcript pages. Such brief remarks are generally seen as inadequate to prejudice a defendant, *People v McLaughlin*, 258 Mich App 635, 649; 672 NW2d 860 (2003), and it is highly unlikely that the prosecutor's remark here had such a substantial impact as to prejudice defendant. The prosecutor's statement was made in reference to the charge of aggravated domestic violence, MCL 750.81a(2), of which defendant was acquitted. As such, defendant cannot show prejudice. Further, this issue is not preserved, and unpreserved claims of prosecutorial misconduct do not warrant reversal unless a curative instruction would have been an insufficient remedy. *Unger*, 278 Mich App at 235. Defendant has failed to show that a curative instruction would have been an insufficient remedy. The jurors were instructed by the court that they could base their verdict only on the evidence and that the lawyer's statements, arguments, and commentary are not evidence. Jurors are presumed to follow instructions, and defendant has not presented this Court with any reason to conclude otherwise. See *id*. Thus, defendant has failed to show that the prosecutor's remark affected his right to a fair trial.[3]

### III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that the prosecution presented insufficient evidence to prove beyond a reasonable doubt that he was guilty of AWIGBH. We disagree.

We review de novo challenges to the sufficiency of the evidence, viewing the evidence "in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). "Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt." *People v Tombs*, 260 Mich App 201, 206-207; 679 NW2d 77 (2003), aff'd 472 Mich 446 (2005). It is the trier of fact's role to determine "the weight of the evidence or the credibility of witnesses," and we will not interfere with that role. *People v Kanaan*, 278 Mich App

---

[3] We note that defendant made a cumulative error argument in his brief on appeal. However, defendant alleged only one instance of alleged prosecutorial misconduct, which lacked merit, as described above. As such, defendant's cumulative error argument fails. See *McLaughlin*, 258 Mich App at 649 (the cumulative effect of several minor errors may warrant reversal where one individual error would not); *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004) (failure to properly brief the merits of an issue on appeal constitutes abandonment of the issue).

594, 619; 751 NW2d 57 (2008). "Circumstantial evidence and reasonable inferences arising therefrom can constitute satisfactory proof of the elements of a crime." *People v Reddick*, 187 Mich App 547, 551; 468 NW2d 278 (1991).

MCL 750.84 governs AWIGBH and provides, in part:

> (1) A person who does either of the following is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $5,000.00, or both:
>
> (a) Assaults another person with intent to do great bodily harm, less than the crime of murder.
>
> (b) Assaults another person by strangulation or suffocation.

To obtain a conviction under MCL 750.84(1)(a), the prosecution must show "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). The assault element only needs to satisfy the traditional definition of assault. *People v Dillard*, 303 Mich App 372, 378; 845 NW2d 518 (2013), abrogated on other grounds by *People v Barrera*, 500 Mich 14; 892 NW2d 789 (2017).

Defendant argues that the evidence presented at trial was sufficient only to prove beyond a reasonable doubt that he was guilty of aggravated assault, MCL 750.81a(1), not AWIGBH. This argument is without merit. Defendant admitted that he assaulted the victim. The victim testified that defendant arrived at her house unannounced, called her a "stupid b****," struck her repeatedly in the face, and kicked her in the mouth with his work boot. Defendant struck the victim with such force that he knocked her front tooth out, broke another tooth in half, and jammed two more into her gums. It is obvious that forcefully kicking an individual in the face with a work boot while she lies defenseless on the ground would cause serious injury. The fact that defendant did such kicking supports an inference that he intended to cause a serious injury. Defendant's argument that the victim's injuries were not substantial enough to show he intended to cause great bodily harm is unavailing. It is unnecessary for an injury to actually occur for an AWIGBH conviction, but if one does occur, "the extent of any injury and the presumption that one intends the natural consequences of one's acts are both proper considerations for the jury." *Dillard*, 303 Mich App at 378. It is the jury's role to weigh evidence, not this Court's. *Id*. at 379; *Kanaan*, 278 Mich App at 619. A reasonable jury could view the evidence sufficient to find that defendant intended to inflict great bodily harm.

Affirmed.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

-4-