*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
December 21, 2023

v

VIRGIL AMOS MUNSON,

        Defendant-Appellant.

No. 364342
Emmet Circuit Court
LC No. 2022-005338-FH

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

Defendant, Virgil Amos Munson, entered a no-contest plea to one count of attempted assault by strangulation. At sentencing, the trial court assessed 15 points for offense variable (OV) 8, which addresses victim asportation, on the basis that Munson moved the victim "to another place of greater danger or to a situation of greater danger" during the offense. MCL 777.38(1)(a). The facts establish that Munson moved the victim from inside their private motel room to an outside location around the corner of their room where security cameras did not reach. Because this chain of events did not involve movement to a place of greater danger, the trial court should not have assessed 15 points for OV 8. This scoring error alters Munson's applicable guidelines range, so we reverse and remand for resentencing.

## I. BACKGROUND

This case arises from Munson's assault of the victim, his pregnant girlfriend. At the time, Munson and the victim lived together in a private motel room. On October 3, 2021, they got into an argument which turned physical. Munson grabbed the victim and pushed her around an outside corner of the motel. Once around the corner, Munson pushed the victim against the side of the building and began choking her. The victim told the motel manager's daughter about this incident right after it occurred. The victim also reported the incident to Munson's parole agent and the Emmet County Sheriff's Office in December 2021.

Munson entered a no-contest plea to one count of attempted assault by strangulation. Before sentencing, he filed an objection to the scoring of OV 8. Munson argued that zero points should be assessed because there was insufficient evidence to show that he asported the victim to

-1-

a place of greater danger. At sentencing, in support of his argument, Munson called the motel manager, Nicole Thompson, to testify about security footage at the motel. Thompson testified that she reviewed the security camera footage for the early morning hours of October 3, 2021, and never saw Munson and the victim leave their motel room. Thompson noted, however, that the motel's internet connection often went out and that there were multiple "glitches" in the security camera footage that she reviewed. In addition, Thompson testified that the victim came to Thompson's motel room soon after the assault and spoke to Thompson's daughter about what had occurred. Thompson explained that the security camera should have captured the victim walking to Thompson's apartment, yet Thompson again did not see the victim leave the room on any footage that she reviewed.

The prosecution then admitted into evidence an audio recording of a jail call between Munson and the victim. According to the recitation of the call placed on the record,[1] the victim made several statements about Munson pushing her out of the view of the security camera. Although Munson did not make any admissions on the call, he also did not deny the allegations. The trial court noted that the victim was "adamant" that Munson pushed her around the corner of the motel, found the victim's statements credible, and concluded that the jail call offered a sufficient factual basis to assess 15 points for OV 8. Munson placed the victim in a situation of greater danger, the court explained, by moving her outside the view of the camera and "other people knowing or seeing what was happening." The court then sentenced Munson to three to five years' imprisonment.

We granted Munson's application for leave to appeal.[2]

## II. ANALYSIS

Munson's challenge to the scoring of OV 8 is twofold. First, he argues that there was insufficient evidence to demonstrate that he moved the victim from the motel room. Second, he contends that the alleged movement from a secluded motel room to a public location outside the motel room was insufficient to show that the victim was moved to a place of greater danger.

"This Court reviews for clear error a trial court's findings in support of a particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). Clear error exists when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). But de novo review means we evaluate the issues independently and owe no deference to the trial court's decision. *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019). Under the sentencing guidelines, the trial court's factual findings must be supported by a preponderance

---

[1] This Court requested a recording of the jail call to review, but Munson's appellate counsel was unable to obtain the recording from the lower court or from Munson's trial counsel. Neither party disputes the accuracy of the summary of the call placed on the record at sentencing.

[2] *People v Munson*, unpublished order of the Court of Appeals, entered February 6, 2023 (Docket No. 364342).

of the evidence. *People v Lydic*, 335 Mich App 486, 490; 967 NW2d 847 (2021). The trial court may consider all record evidence, including the presentence investigation report (PSIR), when assessing points under the sentencing guidelines. *People v Montague*, 338 Mich App 29, 55; 979 NW2d 406 (2021). The court may also draw "reasonable inferences arising from the record evidence" to sustain the scoring of an offense variable. *People v Barnes*, 332 Mich App 494, 499; 957 NW2d 62 (2020) (cleaned up).

OV 8 addresses "victim asportation or captivity." MCL 777.38(1). A trial court properly assesses 15 points for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). Asportation means that the victim was carried away or removed; the statute does not require "that the movement be greater than necessary to commit the sentencing offense." *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). "When evaluating the phrase 'to another place of greater danger or to a situation of greater danger,' trial courts must consider whether the risk of danger to the victim is increased by the defendant's movement of the victim." *People v Allen*, 331 Mich App 587, 598; 953 NW2d 460 (2020), vacated in part on other grounds 507 Mich 856 (2021). "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). "[P]laces where others were less likely to see defendant committing crimes" constitute places or situations of greater danger under MCL 777.38(1)(a) for which OV 8 is properly scored. *People v Steele*, 283 Mich App 472, 491; 769 NW2d 256 (2009).

We begin by considering whether Munson engaged in asportation. The PSIR included the victim's statement to Munson's parole agent. The victim reported that Munson "pushed her around the corner" of the motel and then "pushed her up against the side of the building and 'choked' her." Absent a successful objection by the defendant to the accuracy of information contained in the PSIR, the information is presumed to be accurate. *People v Lampe*, 327 Mich App 104, 120; 933 NW2d 314 (2019). In this case, Munson did not object to the information in the PSIR about the victim's description of being moved around the corner of the motel, so this information is presumed accurate. See *id*. Evidence in the PSIR supports that Munson carried away or removed the victim—that is, asported her. See *Barrera*, 500 Mich at 21.

Munson places great emphasis on Thompson's testimony, arguing that it established that Munson and the victim never left their motel room on the night of the assault. Although Thompson testified that she did not see them exit their room on the security camera footage that she reviewed, she also explained that there were glitches in the recording because of issues with the motel's internet. The footage also apparently did not capture the victim walking to Thompson's room soon after the incident. And the footage was automatically erased after 30 days, so it was unavailable for the trial court's review. Considering these gaps in Thompson's testimony and the deletion of the video, the trial court was entitled to give it less weight.

The trial court relied heavily on the contents of the jail call to conclude that OV 8 should be assessed 15 points. The trial court found the victim to be credible when she expressed multiple times on the call that Munson pushed her out of view of the security camera. Munson argues on appeal that he never *admitted* to moving the victim, but he also did not *deny* it. When the victim told Munson that he pushed her out of the camera view, Munson responded that "it doesn't say

that in the police report." The trial court found the victim's insistence that Munson pushed her to be credible. When addressing OV scores, "[w]e defer to the trial court's assessment of witnesses' credibilities, to the extent such assessments are relevant . . . ." *People v Ziegler*, 343 Mich App 406, 411; ___ NW2d ___ (2022). We therefore defer to the trial court's finding that the victim was credible when she asserted on the audio recording that Munson pushed her around the corner. In sum, considering the information in the PSIR, the limitations of Thompson's testimony, and the recording of the jail call, a preponderance of the evidence supported the trial court's finding that Munson asported the victim.

Next, we consider whether the asportation by Munson involved moving the victim to a place or situation involving greater danger. See MCL 777.38(1)(a). Munson argues that the prosecution's theory of asportation was flawed as a matter of law because there was no evidence that the outdoor location of the assault was more dangerous to the victim than inside the private motel room. We agree and conclude that a preponderance of the evidence did not support that Munson asported the victim to a place of greater danger.[3]

In scoring OV 8 at 15 points, the trial court reasoned that Munson moved the victim to a location out of sight from the motel's security cameras. But as Munson points out, this decision may have made *prosecution* harder, but it did not place the victim at greater danger in that moment. The security cameras were not monitored in real time. And the relevant inquiry is "whether the risk of danger to the victim is increased by the defendant's movement of the victim." *Allen*, 331 Mich App at 598. Moving the victim from inside a private motel room to outside around the corner did not increase the risk of danger. See *id*. at 597-598 (noting that driving the victim from a private home to a public hospital did not increase the risk of danger to the victim). The private motel room was a more isolated space, away from the presence of others, than the public outdoor location where the assault occurred. See *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013), overruled in part on other grounds by *Barrera*, 500 Mich at 16-17 ("A place of greater danger includes an isolated location where criminal activities might avoid detection.").

The prosecution suggests that the asportation involved movement to a place of greater danger because Munson moved the victim away from the "sight and sound" of neighboring rooms. We are unpersuaded that moving the victim to an open outdoor space around the corner from a wing of motel rooms placed the victim at greater danger than remaining inside the motel room. To constitute a place of greater danger, this Court considers whether the victim was "moved away

---

[3] To assess whether a victim was moved *to* a place of greater danger, the victim must have necessarily been moved *from* a place of lesser danger. In this case, the limited record evidence does not expressly state where the altercation between Munson and the victim *began*, only that Munson grabbed the victim and "pushed her around the corner" of the motel before he "pushed her up against the side of the building and 'choked' her." On appeal, the parties both accept that the alleged asportation involved movement from inside the motel room to outside around the corner of the motel. Had this not been the theory of asportation, Thompson's testimony about whether the security camera footage showed Munson and the victim leaving their motel room would have been irrelevant. We therefore follow the theory of asportation as understood by the parties and review that theory to determine whether it supports a score of 15 points for OV 8.

-4-

from the presence or observation of others." *Chelmicki*, 305 Mich App at 70-71. Moving the victim from the private motel room to an outdoor corner of the motel property made it reasonably *more likely* that the assault would be observed by other guests. We are therefore left with a definite and firm conviction that the trial court's assessment of 15 points for OV 8 was not supported by a preponderance of the evidence. OV 8 should have been scored at zero points.

When a scoring error occurs, resentencing is required if the corrected score alters the sentencing guidelines range. *People v Francisco*, 474 Mich 82, 89-91; 711 NW2d 44 (2006). At sentencing, Munson's minimum guidelines range was 19 to 38 months' imprisonment. Reducing OV 8 by 15 points changes this recommended range to 12 to 24 months' imprisonment. See MCL 777.66. Accordingly, Munson is entitled to resentencing.

Reversed and remanded for resentencing. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado