PEOPLE v JAMES

Docket No. 255291. Submitted August 3, 2005, at Lansing. Decided
    August 18, 2005, at 9:00 a.m. Leave to appeal sought.

Derrick D. James was convicted by a jury in the Wayne Circuit Court
    of assault with intent to do great bodily harm less than murder.
    The court, Mary Beth Kelly, J., sentenced the defendant as a
    second-offense habitual offender to 47 months to 15 years in
    prison. The defendant appealed, alleging that the prosecution had
    failed to present sufficient evidence to sustain a conviction over his
    claim of self-defense, that the trial court abused its discretion by
    assessing two points for prior record variable (PRV) 5 for a
    misdemeanor guilty plea that ultimately resulted in a discharge
    from probation and dismissal under MCL 333.7411(1), that the
    trial court abused its discretion in scoring 50 points for offense
    variable (OV) 7 relating to aggravated physical abuse, and that the
    sentence was imposed contrary to the United States Supreme
    Court decision in *Blakely v Washington*, 542 US 296 (2004).

The Court of Appeals *held*:

1. The defendant is not entitled to relief on his claim of
insufficient evidence for conviction. The facts of this case, when
viewed in a light most favorable to the prosecution, were sufficient
for the jury to find that the defendant, who claimed self-defense,
did not have an honest and reasonable belief that he was in
imminent danger or that the victim posed a threat of serious bodily
harm.

2. The trial court erred in scoring two points for PRV 5. The
defendant did not have a previous misdemeanor conviction. He
pleaded guilty, completed probation, was discharged, and the case
was dismissed pursuant to MCL 333.7411(1). That statute pro-
vides that discharge and dismissal shall be without adjudication of
guilt and the case is not a conviction for the purposes of disquali-
fications or disabilities imposed by law upon conviction of a crime.

3. The trial court did not err in assessing 50 points for OV 7,
which concerned aggravated physical abuse where the victim was
treated with sadism, torture, or excessive brutality. The defendant

stomped the victim's face and chest after the victim was unconscious on the ground and rendered the victim brain-damaged and comatose.

4. *Blakely v Washington*, 542 US 296 (2004), does not apply to sentences imposed in Michigan.

Affirmed in part, reversed in part, and remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — PRIOR RECORD VARIABLES — PRIOR CONVICTIONS — CONTROLLED SUBSTANCES.

A discharge from probation imposed on a first-time offender of certain controlled substances provisions and the dismissal of proceedings against that person does not constitute an adjudication of guilt or a conviction for which the person, if subsequently convicted of a crime, may receive points under the sentencing guidelines for having a prior conviction (MCL 333.7411[1], 777.55[1][e]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Olga Agnello*, Principal Attorney, for the people.

*Laura Kathleen Sutton* and Derrick DeJuan James in propria persona for the defendant.

Before: COOPER, P.J., and BANDSTRA and KELLY, JJ.

BANDSTRA, J. Defendant appeals as of right his jury trial conviction of assault with intent to do great bodily harm less than murder, MCL 750.84. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 47 months to 15 years in prison. We affirm in part, reverse in part, and remand for resentencing.

Defendant first argues that the prosecution failed to present sufficient evidence to sustain his conviction. Specifically, defendant contends that the prosecution failed to refute his claim of self-defense. We disagree. We

review de novo challenges to the sufficiency of the evidence in a criminal trial to determine whether, when viewing the evidence in the light most favorable to the prosecutor, a rational trier of fact could have found all of the elements of the charged crime to have been proven beyond a reasonable doubt. *People v Bowman*, 254 Mich App 142, 151; 656 NW2d 835 (2002).

Defendant argues that he honestly and reasonably believed that his life was in danger. It is well-settled that " '[t]he killing of another in self-defense is justifiable homicide if the defendant honestly and reasonably believes that his life is in imminent danger or that there is a threat of serious bodily harm.' " *People v Fortson*, 202 Mich App 13, 19-20; 507 NW2d 763 (1993), quoting *People v Heflin*, 434 Mich 482, 502; 456 NW2d 10 (1990). "Once evidence of self-defense is introduced, the prosecutor bears the burden of disproving it beyond a reasonable doubt." *Fortson, supra* at 20.

Here, there was evidence presented that when defendant opened the door to a storage closet in the basement, the victim lunged at defendant and hit him on top of the head. However, there was also evidence presented that defendant secured the victim in a headlock, dragged him upstairs, and was able to call 911 twice while still restraining the victim. Although there was evidence presented that the victim was able to break away from defendant at one point (i.e., there was arguably a perceived threat), defendant punched the victim twice, causing the victim to fall to the floor. Indeed, there was evidence presented that the victim remained immobilized in the fetal position when defendant began to stomp his face and chest; therefore, any perceived threat was no longer imminent. Two witnesses testified that defendant stomped the victim several times and that the victim did not attempt to

fight defendant. One of the witnesses also testified that the victim did not possess a weapon at the time of the incident. Additionally, defendant weighed nearly 100 pounds more than the victim. The evidence, when viewed in a light most favorable to the prosecution, was sufficient for the jury to find that defendant did not have an honest and reasonable belief that he was in imminent danger or that the victim posed a threat of serious bodily harm. Therefore, defendant is not entitled to relief on this issue.

Defendant next argues that the trial court erroneously scored prior record variable (PRV) 5 and offense variable (OV) 7. "A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002). Further, " 'scoring decisions for which there is any evidence in support will be upheld.' " *Id.* (citation omitted). "This Court shall affirm sentences within the guidelines range absent an error in scoring the sentencing guidelines or inaccurate information relied on in determining the defendant's sentence." *People v Leversee*, 243 Mich App 337, 348; 622 NW2d 325 (2000); MCL 769.34(10).

We find that the trial court abused its discretion in assessing two points for PRV 5, where defendant did not have a prior misdemeanor conviction. MCL 777.55(1)(e). The record indicates that defendant was previously charged with possession of marijuana and sought deferred sentencing under MCL 333.7411(1), which provides that "[w]hen an individual who has not previously been convicted of [a controlled substance offense] pleads guilty to . . . [certain controlled substance offenses], the court, without entering a judgment of guilt with the consent of the accused, may defer

further proceedings and place the individual on probation . . . . Upon fulfillment of the terms and conditions [of probation], the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and . . . is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime . . . ."

Defendant pleaded guilty of possession of marijuana under MCL 333.7411(1), had to serve two years of probation, and subsequently fulfilled the terms and conditions of his probation. Defendant argues that because he was discharged and the proceedings were dismissed upon fulfillment of the terms and conditions of his probation, he did not have a conviction for which the trial court could assess points under PRV 5. We agree. We review de novo questions of statutory construction. *People v Morey*, 461 Mich 325, 329; 603 NW2d 250 (1999). In doing so, our purpose is to discern and give effect to the intent of the Legislature. *Id.* at 329-330. "We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. . . . We must give the words of a statute their plain and ordinary meaning, and only where the statutory language is ambiguous may we look outside the statute to ascertain the Legislature's intent." *Id.* at 330.

The Michigan Sentencing Guidelines Manual (2003), p 7, defines "conviction" as "an adjudication of guilt in a criminal matter." MCL 333.7411(1) specifically states that the discharge and dismissal procedure that it authorizes is "without adjudication of guilt" and "is not a conviction for purposes of . . . disabilities imposed by

law upon conviction of a crime . . . ." Thus, defendant's misdemeanor guilty plea cannot be used to enhance his sentence in this case. To do so would be to impose a "disabilit[y]" against him upon his conviction of this offense.[1] Under the plain language of the statute, defendant did not have a prior misdemeanor conviction, and the trial court abused its discretion in assessing two points for PRV 5 under MCL 777.55(1)(e). Because the evidence did not support a score of two points for PRV 5, the trial court's scoring decision was error, and defendant is entitled to resentencing on this basis.

We find that the trial court did not abuse its discretion in assessing 50 points for OV 7, concerning aggravated physical abuse, where the victim was "treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety . . . suffered during the offense." MCL 777.37(1)(a). "Sadism" is defined as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3).

Here, the record indicates that defendant repeatedly stomped the victim's face and chest after the victim was lying unconscious on the ground. Additionally, the victim was deprived of oxygen for a period of four to six minutes, causing him to have anoxic encephalopathy, i.e., significant brain damage from lack of oxygen, and currently remains comatose with little or no chance of ever regaining consciousness. Defendant treated the victim with sadism, torture, excessive brutality, and conduct designed to substantially increase the fear and

---

[1] We acknowledge the contrary holding of the United States Court of Appeals for the Sixth Circuit in *United States v Hawkins*, 969 F2d 169, 173 (CA 6, 1992). However, we are not bound to follow decisions of federal courts of appeals, *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004), and we find the Sixth Circuit's analysis unconvincing.

anxiety the victim suffered during the offense. Because the evidence supports a score of 50 points for OV 7, we find no error in the trial court's scoring decision, and defendant is not entitled to relief on this basis.

Finally, defendant argues that his sentence was imposed in violation of the United States Supreme Court decision in *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004). However, our Supreme Court and this Court have concluded that *Blakely* does not apply to sentences imposed in Michigan. *People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 278 (2004); *People v Wilson*, 265 Mich App 386, 399; 695 NW2d 351 (2005).

We affirm in part, reverse in part, and remand for resentencing. We do not retain jurisdiction.