# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LAWRENCE CHARLES SCRIBBLING,

Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 316769
Lenawee Circuit Court
LC No. 12-015810-FH

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted his guilty plea convictions of second-degree home invasion, MCL 750.110a(3), and larceny in a building, MCL 750.360.[1] The trial court sentenced defendant to concurrent prison terms of 51 to 180 months for the second-degree home invasion conviction and 32 to 48 months for the larceny in a building conviction. We affirm.

This Court granted leave to appeal limited to the issue concerning the scoring of prior record variable (PRV) 5. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Additionally, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

PRV 5 concerns a defendant's prior misdemeanor convictions and prior misdemeanor juvenile adjudications. *People v Gibbs*, 299 Mich App 473, 485; 830 NW2d 821 (2013); MCL 777.55(1). Twenty points are to be scored for PRV 5 if "The offender has 7 or more prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1)(a). MCL 777.55(2) provides that the prior misdemeanor conviction or prior misdemeanor juvenile adjudication must be "an offense against a person or property, a controlled substance offense, or

---

[1] *People v Scribbling*, unpublished order of the Court of Appeals, entered November 25, 2013 (Docket No. 316769). This Court limited defendant's appeal to the issue of whether the trial court properly assessed 20 points for prior record variable (PRV) 5. See *id.*

-1-

a weapon offense." MCL 777.55(2). The statute defines a prior misdemeanor juvenile adjudication as one that is "for conduct that if committed by an adult would be a misdemeanor under the law of this state, a political subdivision of this state, another state, a political subdivision of another state, or the United States if the order of disposition was entered before the sentencing offense was committed." MCL 777.55(3)(b).

Defendant argues that the trial court erred in considering his prior juvenile misdemeanor adjudications[2] in assessing 20 points for PRV 5 because he was given "diversionary-type" sentences of "probation, detention, and being made a ward of the court" for these adjudications. Defendant also contends that these sentences are diversionary because he was 12 to 14 years old when he committed the offenses. However, probation, detention, and becoming a ward of the court are not diversionary sentences under the Juvenile Diversion Act, MCL 722.821 *et seq*.

The Juvenile Diversion Act governs diversion of juvenile offenders from the juvenile court system and allows for the removal of certain types of cases from the adjudicative process. The Juvenile Diversion Act defines "diversion" as a placement that results in a minor being "released into the custody of his or her parent, guardian, or custodian and the investigation is discontinued" or that results in "[t]he minor and the minor's parent, guardian, or custodian agree[ing] to work with a person or public or private organization or agency that will assist the minor and the minor's family in resolving the problem that initiated the investigation." MCL 722.822. The Juvenile Diversion Act describes a process by which a minor is diverted from the court system, which includes signing a diversion agreement and referral plan. MCL 722.825.

The Juvenile Diversion Act does not apply to defendant's misdemeanor juvenile adjudications because the scorable juvenile offenses in this case did not result in diversion from the court system under the meaning of the Juvenile Diversion Act and did not result in diversionary dispositions under the act. MCL 722.822(c). Instead, defendant went through the juvenile court system and entered into plea agreements for nine misdemeanor offenses for which he was sentenced.[3] For these reasons, the trial court did not err in assessing 20 points for PRV 5 because defendant had 7 or more prior misdemeanor juvenile adjudications. See *Gibbs*, 299 Mich App at 485.[4] Further, defense counsel was not ineffective for failing to raise a futile

---

[2] The Presentence Information Report indicates that defendant was previously arrested as a juvenile and had pleaded guilty of nine scorable misdemeanor offenses.

[3] Further, defendant has failed to provide support for his contention that age is a factor in determining whether a juvenile adjudication resulted in a diversionary sentence.

[4] Defendant's reliance on *United States v Cruz-Santana*, unpublished opinion of the United States Sixth Circuit Court of Appeals, issued September 10, 1998 (Docket No. 97–5426), in support of his argument that diversionary sentences from juvenile court should not be considered in calculating sentencing guidelines is misplaced. The holding in *Cruz-Santana*, which is not binding on this Court and which concerned the federal sentencing guidelines, did not involve a diversionary sentence from a juvenile proceeding, nor did it involve whether dispositions of probation, detention, or becoming a ward of the court would constitute diversions from juvenile court under the federal sentencing guidelines. Additionally, defendant's reliance on *People v*

objection to the proper scoring of PRV 5. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010); *People v Mack*, 265 Mich App 122, 129-130; 695 NW2d 342 (2005).[5]

Affirmed.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray

---

*James*, 267 Mich App 675; 705 NW2d 724 (2005), is misplaced. In that case, the defendant was given a deferred sentence on a misdemeanor marijuana charge under MCL 333.7411(3) and the subsequent discharge and dismissal of the proceedings were without adjudication of guilt. This Court concluded that the trial court erred in assessing two points for PRV where defendant did not have a prior misdemeanor conviction. Unlike *James*, defendant was not given any type of diversion, delay, or deferral of his juvenile misdemeanor convictions. He pleaded guilty and was sentenced accordingly.

[5] Although this appeal is limited to the issue of the scoring of PRV 5, we address defendant's ineffective assistance of counsel argument to the extent that it is related to the issue of PRV 5.