# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ERIC WILLIAM SEAR,

Defendant-Appellant.

UNPUBLISHED
January 21, 2016

No. 323429
Kent Circuit Court
LC No. 13-002345-FC

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

A jury convicted defendant of second-degree murder, MCL 750.317, larceny from a person, MCL 750.357, and conspiracy to commit larceny from a person, MCL 750.157a and 750.357, in connection with the robbery and beating death of Douglas Barry. Defendant challenges the sufficiency of the evidence supporting his conviction for second-degree murder, rather than the lesser included offense of voluntary manslaughter. Defendant also questions the trial court's authority to impose $700 in court costs. Both claims lack merit and we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

We review de novo defendant's challenge to the sufficiency of the evidence. In doing so, we must view the evidence "in the light most favorable to the prosecution" to determine whether a rational trier of fact "could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Odom*, 276 Mich App 407, 418; 740 NW2d 557 (2007). Our review is deferential to the jury's verdict. We will not interfere with the jury's role of determining the weight of the evidence or assessing the witnesses' credibility. *Id.* at 419. "Conflicts in the evidence must be resolved in favor of the prosecution," and "[c]ircumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of the crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010).

The jury convicted defendant of second-degree murder. To support such a conviction, the prosecution must prove beyond a reasonable doubt the following elements: "(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Roper*, 286 Mich App 77, 84; 777 NW2d 483 (2009); see MCL 750.317. Defendant contends that he did not act of out malice, but with justification and excuse. Therefore, defendant asserts, the jury could have convicted him of no more than voluntary manslaughter. The court read the voluntary manslaughter instruction to the jury. A conviction for voluntary

-1-

manslaughter is supported when " 'the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions.' " *People v Reese*, 491 Mich 127, 143; 815 NW2d 85 (2012), quoting *People v Mendoza*, 468 Mich 527, 535-536; 664 NW2d 685 (2003).

Here, defendant and his girlfriend, Cari Lynn Johnson, invited Barry over to drink with them. Defendant and Johnson knew that 70-year-old Barry was an alcoholic who became belligerent and violent when he consumed to excess, but invited him over because they knew he had just been paid and would purchase their alcohol. The trio convened in defendant's bedroom. After Johnson passed out drunk, Barry allegedly called her offensive epithets and took an unsuccessful swing or two at defendant. Defendant reacted with violence. In a written statement, defendant admitted that Barry "was laying down when I punched him twice and kicked him once." Defendant continued, "When I puched [sic] and stomped [Barry] in the head he was between the bed and the chair on the floor. . . ." Johnson then suggested that they take Barry's money out of his pocket and she hid it under a pillow on the bed. Defendant's landlord entered and saw Barry sitting in a chair in defendant's bedroom, snoring and covered in blood. The landlord and defendant moved Barry into the living room. Only then did the landlord realize the extent of Barry's injuries and defendant called 911.

Barry suffered massive trauma to both his face and the back of his skull. He arrived at the hospital in a coma with a severely fractured skull. Surgery was not performed because a specialist "felt these injuries were incompatible with life." In fact, the severity of Barry's injuries was consistent with a fall from a tall building. Barry later died in the intensive care unit. A forensic pathologist performed an autopsy and opined that Barry died from blunt force trauma to the head resulting in direct injury to the brain, caused by a kick or stomp. The pathologist found at least four impact locations on Barry's skull.

Contrary to defendant's protestations, the prosecution presented sufficient evidence to establish that he acted with malice. "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Roper*, 286 Mich App at 84. Actual intent to kill is not required, "only the intent to do an act that is in obvious disregard of life-endangering consequences." *People v Mayhew*, 236 Mich App 112, 125; 600 NW2d 370 (1999). Given the difficulty of proving a defendant's state of mind, "minimal circumstantial evidence" will suffice. *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014). And the intent to do great bodily harm may be inferred from the level of physical force and violence employed. See *People v Dillard*, 303 Mich App 372, 377; 845 NW2d 518 (2013); *People v James*, 267 Mich App 675, 677-678; 705 NW2d 724 (2005).

"Provocation is the circumstance that negates the presence of malice," reducing murder to voluntary manslaughter. *Mendoza*, 468 Mich at 536. "The degree of provocation required to mitigate a killing from murder to manslaughter is that which causes the defendant to act out of passion rather than reason. Further, in order for the provocation to be adequate it must be that which would cause a reasonable person to lose control." *People v Mitchell*, 301 Mich App 282, 286-287; 835 NW2d 615 (2013) (quotation marks, citations, and alterations omitted). The determination of what is reasonable provocation is a question for the jury. *People v Pouncey*, 437 Mich 382, 390; 471 NW2d 346 (1991).

-2-

The jury could conclude beyond a reasonable doubt that defendant acted with malice in this case. Barry was 40 years defendant's senior and extremely intoxicated. Defendant reacted with excessive force to Barry's vulgarity and unsuccessful attempts to hit him. Defendant either knocked Barry to the floor or waited until Barry fell and then repeatedly kicked and stomped on Barry's head. The bones of Barry's skull were so fractured that they could be moved and collapsed on one side. The force of defendant's blows penetrated the skull and caused direct injury to Barry's brain. The jury determined that these acts evidenced defendant's malicious intent and that defendant reacted unreasonably. We may not second-guess that finding. See *Roper*, 286 Mich App at 89. Accordingly, defendant cannot establish that his conviction on the greater offense was improper.

## II. IMPOSITION OF COURT COSTS

Defendant contends for the first time on appeal that the trial court violated his right to due process of law, and acted contrary to MCL 769.1k as it read at the time of his sentencing, by imposing $700 in court costs, an assessment that was not authorized by the statutes under which he was convicted. We review such unpreserved challenges for plain error. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015).

Defendant was sentenced on May 8, 2014. At that time, MCL 769.1k(1)(b) permitted a trial court to impose against a defendant "[a]ny cost in addition to the minimum state cost" and "[a]ny assessment authorized by law." On June 18, 2014, our Supreme Court issued its opinion in *People v Cunningham*, 496 Mich 145, 149-150; 852 NW2d 118 (2014), holding that a court may only impose those costs that are authorized by statute. Following *Cunningham*, the Legislature amended MCL 769.1k. MCL 769.1k(1)(b)(*iii*) now permits a trial court to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." The enacting sections of 2014 PA 352, which amended MCL 769.1k, specifically instruct that the amended statute applies to all cost assessments made "before June 18, 2014." See *Konopka*, 309 Mich App at 355. Accordingly, this Court in *Konopka* held that the statutory amendment had retroactive effect and that court costs assessed before the amendment were thereby authorized by law. *Id.* at 357-358.

Despite that defendant filed his appellate brief more than three months after *Konopka* was resolved, defendant makes no mention of that decision. Had defendant reviewed that opinion, he may have realized that he could challenge whether the $700 assessment was "reasonably related to the actual costs incurred by the trial court." In *Konopka*, 309 Mich App at 360, the defendant "specifically challenge[d] the lack of reasoning for the costs imposed," and this Court "remand[ed] to the trial court for it to establish a factual basis" for those costs. Defendant makes no such challenge here. Nor does he raise any of the constitutional challenges brought forth in

*Konopka* and other unpublished opinions since. As defendant has not directly or even impliedly challenged the reasonableness of the costs, we will not remand to the trial court for further proceedings.

We affirm.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly