# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ODIE WALK,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 323914
Wayne Circuit Court
LC No. 14-005099-FH

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Following a bench trial, the court convicted defendant of assault with intent to do great bodily harm less than murder, MCL 750.84, for his act of brutally "body slam[ming]" Donny Wanshon three times, causing severe injuries. Defendant contends that insufficient evidence established his intent and that trial counsel was ineffective because he blocked defendant from testifying to support his self-defense claim. We discern no prejudicial error and therefore affirm.

## I. BACKGROUND

Defendant is Wanshon's uncle by marriage. In April 2014, in the presence of several witnesses, the two men engaged in a heated argument. Defendant claims that Wanshon brandished a gun and defendant attacked him in self-defense. The prosecution witnesses denied that Wanshon was armed. The witnesses described that defendant, who was much larger than Wanshon, picked up Wanshon and "body slammed" him down onto the street. Wanshon struggled to stand and defendant "body slammed" him again. Wanshon was unable to rise and the witnesses yelled for defendant to stop, but defendant once more picked up Wanshon from the ground and threw him down. Wanshon suffered a broken jaw, required four staples in his head, and spent three days in the intensive care unit.

## II. ASSISTANCE OF COUNSEL

Defendant contends that his trial counsel was ineffective for failing to support his self-defense claim. Specifically, defendant argues that he needed to testify at trial to describe how Wanshon threatened him with a gun, requiring defendant to protect himself. Counsel falsely informed defendant that the decision to place a criminal defendant on the stand belongs to the attorney and refused to let him testify, defendant insists.

-1-

This Court granted defendant's motion to remand to create a record regarding his counsel's actions. *People v Walk*, unpublished order of the Court of Appeals, entered July 9, 2015 (Docket No. 323914). Defendant's appellate counsel filed a motion to "dismiss" the proceedings on remand in the trial court "[d]ue to a filing error." No hearing took place and defendant has complained of no irregularity in that regard. As a result, our review is limited to plain error on the existing record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

> " '[T]he right to counsel is the right to the effective assistance of counsel.' " *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039; 80 L Ed 2d 657 (1984), quoting *McMann v Richardson*, 397 US 759, 771 n 14; 90 S Ct 1441; 25 L Ed 2d 763 (1970). An ineffective assistance claim includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). . . . With respect to the prejudice aspect, the defendant must demonstrate a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. [*People v Solmonson*, 261 Mich App 657, 663-664; 683 NW2d 761 (2004).] [*People v Galloway*, 307 Mich App 151, 157-158; 858 NW2d 520 (2014), rev'd in part on other grounds ___ Mich ___; 870 NW2d 893 (2015).]

From the limited record before us, we know only that after the prosecution closed its case-in-chief, the court inquired, "Anything from the defense?" and counsel simply responded, "No, your honor." No record was made whether counsel had advised his client of his right to testify or whether defendant voluntarily and knowingly waived that right. Defendant has presented an offer of proof claiming that he expressed to his attorney that he desired to testify to support his self-defense claim, but that counsel "told me I was not going to testify in this case." Defendant also averred that he could present unidentified character witnesses to establish his reputation as "a peaceful law abiding individual."

Even if counsel's performance was constitutionally deficient, defendant would not be entitled to a new trial. Defendant cannot establish prejudice as his actions went too far and negated his claim of self-defense.

> One who is not the aggressor in an encounter is justified in using a *reasonable amount of force* against his adversary when he reasonably believes (a) that he is in immediate danger of unlawful bodily harm from his adversary and (b) that *the use of force is necessary* to avoid this danger. [*People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010) (quotation marks and citation omitted, emphasis added).]

Assuming that Wanshon had a gun, defendant could argue that some use of force was necessary to disarm Wanshon. However, the prosecution proved that defendant proceeded to use an unreasonable amount of force rendering his actions unjustified. As found by the trial court, defendant "slammed" Wanshon on the street three times. Wanshon could remember only the first "slam" and was incapacitated after the second. Despite that Wanshon no longer presented a danger, defendant continued to attack, throwing him down a third time. Based on this evidence,

neither defendant's testimony nor any character witness could have saved his defense. Accordingly, defendant is not entitled to relief.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also contends that evidence that he acted in self-defense prevented the prosecution from proving beyond a reasonable doubt that he intended to cause great bodily harm less than murder. We review such challenges de novo, viewing the evidence "in the light most favorable to the prosecution" to determine whether a rational trier of fact "could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Odom*, 276 Mich App 407, 418; 740 NW2d 557 (2007).

Defendant challenges only the proof supporting the intent element of the convicted offense. To establish the necessary intent, the prosecution must show that defendant bore "an intent to do serious injury of an aggravated nature." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotation marks and citations omitted). Absent an admission, it is impossible to directly prove an actor's state of mind. Intent can be established circumstantially, however. *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014). The intent to do great bodily harm can be shown through evidence of the defendant's "words or from the act, means, or the manner employed to commit the offense," *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001) (citations omitted), and from the level of physical force and violence employed. See *People v Dillard*, 303 Mich App 372, 377; 845 NW2d 518 (2013); *People v James*, 267 Mich App 675, 677-678; 705 NW2d 724 (2005).

Here, defendant used excessive force, even if he was defending himself. Defendant picked Wanshon up and violently threw him onto the ground repeatedly, despite that Wanshon was visibly impaired after the first attack. Defendant ignored the pleas of friends and family to cease his assault. And defendant's "body slams" were forceful enough to break Wanshon's jaw bone and cause a serious head injury. This evidence sufficed to support defendant's conviction.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro