*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DURELL LEE-RAY MONTGOMERY,

        Defendant-Appellant.

UNPUBLISHED
November 14, 2019

No. 342247
Wayne Circuit Court
LC No. 17-001060-01-FC

Before: M. J. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Defendant savagely beat and kicked another man at a gas station—for an extended period of time—far past the point when the victim lay unconscious in a pool of his own blood. On appeal, defendant challenges only the trial court's scoring of offense variable 7. Because the trial court did not err in concluding that defendant acted with sadism and excessive brutality, the trial court properly assigned 50 points to offense variable 7. Therefore, we affirm defendant's sentences.

## I. BACKGROUND

This case arose from a fight at a gas station in Detroit. The incident was captured by three surveillance cameras recording from different angles. The video shows a man in a black coat, identified at trial as defendant, standing at the cashier's counter. Seconds later, a man in a camouflage jacket, identified at trial as the victim, entered the gas station. After conversing at the counter, the men moved toward the door. The victim pushed defendant, who pushed back. The victim wrapped defendant in his arms as they continued to argue face to face. The victim forcefully threw defendant to the ground, pinned him, and struck him.

Defendant gained the upper hand and pinned the victim to the ground. Defendant struck the victim with his fist about 30 times, then stood up and struck the victim several more times as the victim tried to get his feet. The victim tried to push himself up on his hands and knees, but defendant kicked him in the face seven times. Defendant began to stomp on the back of the victim's head as he fell back to the floor. Placing his hand on a counter to leverage his weight,

defendant jumped on the victim's head, landing with both feet. Defendant kicked the victim's head another eight times before jumping on his back with his full weight.

After taunting the now unconscious victim and boasting of his handiwork to a customer, defendant stomped on the victim's head another five times before searching his pockets. Defendant resumed taunting the unconscious victim, striking him a few more times, and gesturing at him to get up. Defendant loitered near the counter for about another half hour, talking to the cashier and passing customers. He smoked a cigarette and put it out on or near the victim before leaving the gas station.

The gas station's cashier testified that he called 911 multiple times; he believed the victim was dead. Police arrived to find the victim lying face down in a pool of blood, and transported him to the hospital. Police arrested defendant across the street from the gas station. His tan work boots were saturated with blood. According to the arresting officer, defendant stated in response to questioning: "I have let people beat on me for too long . . . I just exploded. Everything was built up, and I whipped his ass. I went too far, didn't I?"

At trial, defendant testified that he was homeless at the time of the incident. He claimed that his continued attacks were inspired by fear that the victim, who was "stronger and bigger," would retaliate. He denied taking the victim's wallet but admitted taking his phone. Defendant denied that he intended to kill the victim.

The victim testified that he had entered the gas station carrying a mobile phone, his wallet, and his car keys. He recalled that he talked to defendant and that the two had shoved each other. He then woke up in the hospital feeling "like somebody had walked on [his] face." His phone and wallet were missing. The victim was in the hospital for about six months.

After a bench trial, the trial court acquitted defendant of assault with intent to commit murder, MCL 750.83, but convicted him of assault with intent to do great bodily harm less then murder (AWIGBH), MCL 750.84, and unarmed robbery, MCL 750.530.

The trial court originally sentenced defendant, as a second-offense habitual offender, MCL 769.10, to a term of 96 to 180 months in prison for AWIGBH, and a concurrent sentence of 120 to 270 months in prison for unarmed robbery. Defendant appealed to this Court as of right and thereafter filed a motion to remand, arguing that the trial court improperly assessed 25 points to offense-variable (OV) 6. The prosecutor agreed that OV 6 was improperly scored. This Court, while retaining jurisdiction, remanded the case to the trial court to allow defendant the opportunity to file a motion for rescoring of the sentencing guidelines and resentencing. *People v Montgomery*, unpublished order of the Court of Appeals, entered October 10, 2018 (Docket No. 342247).

On remand, the trial court granted the motion for resentencing and rescored all the sentencing variables. See *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007) (stating that a case which has been remanded for resentencing is in a presentence posture). At the resentencing hearing, the prosecutor requested that the trial court assess 50 points for OV 7 "for aggravated physical abuse or brutality." Defendant objected, arguing that he did not intend to create fear and anxiety in the victim and that the victim could not have experienced fear and

anxiety because he was unconscious during a portion of defendant's assault. The trial court rejected defendant's argument, finding that "[i]t certainly was a gratuitous and totally unnecessary attack that went on and on and on for the defendant's own sadistic pleasure in my view."

The trial court subsequently resentenced defendant, as a second-offense habitual offender, to a term of 78 to 180 months in prison for AWIGBH, and a concurrent sentence of 96 to 264 months in prison for unarmed robbery. In his supplemental brief filed with this Court after remand, defendant argues that the trial court violated his right to be sentenced in reliance on accurately calculated guidelines when it assigned 50 points to OV 7.

## II. ANALYSIS

The victim in this case was unconscious during some portion of defendant's acts, and defendant argues that a trial court may assess 50 points for OV 7 only if the victim is conscious to experience fear, anxiety, pain, and humiliation. In addition, defendant argues that his acts were not sadistic; he claims that he simply overreacted in fear of the victim's preemptive violence. Therefore, defendant claims that the trial court violated his right to be sentenced in reliance on accurately calculated guidelines when it assigned 50 points to OV 7.

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A factual determination is clearly erroneous if this Court "is left with a definite and firm conviction that an error occurred." *People v Buie*, 491 Mich 294, 315-316; 817 NW2d 33 (2012) (cleaned up). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

OV 7, "aggravated physical abuse," is governed by MCL 777.37. The statute provides that a trial court must assign 50 points to OV 7 when a victim "was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). The statute specifically defines the term "sadism" to mean "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). The statute does not define the term "excessive brutality." "[U]ndefined statutory terms are to be given their plain and ordinary meaning, unless the undefined word or phrase is a term of art," and this Court must "consult a lay dictionary when defining common words or phrases that lack a unique legal meaning." *People v Thompson*, 477 Mich 146, 151-152; 730 NW2d 708 (2007), citing MCL 8.3a. "Excessive" means "exceeding what is usual, proper, necessary, or normal." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Brutal" means "grossly ruthless or unfeeling." *Id*.

Defendant argues, relying on *Hardy*, 494 Mich at 443-444, that the relevant inquiries when applying MCL 777.37(1)(a) are "(1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to

make a victim's fear or anxiety greater by a considerable amount." Yet, the *Hardy* test is only relevant when a court must determine whether the *fourth* "category of conduct" created by MCL 777.37(1)(a)—"conduct designed to substantially increase the fear and anxiety a victim suffered during an offense"—applies to the case before it. *Id*. at 434. In this case, the trial court concluded that defendant's conduct constituted "sadism" or "extreme brutality"—the *first* and *third* categories of conduct under MCL 777.37(1)(a). Consequently, the *Hardy* test is inapplicable here.

Even if the *Hardy* test did apply, defendant's argument would be without merit. Defendant relies on Judge Cooper's dissent in *People v Kegler*, 268 Mich App 187, 192-193; 706 NW2d 744 (2005) (COOPER, J., dissenting), to argue that, for purposes of scoring OV 7, a victim "must be alive and conscious to have fear and anxiety, to be subjected to pain and humiliation, or to suffer." Defendant argues that, because the victim was unconscious during some portion of defendant's attacks, the trial court could not assess 50 points for OV 7. Defendant's argument fails because the *majority* opinion in *Kegler* instructs precisely the opposite: the plain language of MCL 777.37(1)(a) dictates that a trial court must score OV 7 based on how a victim was treated. *Kegler*, 268 Mich App at 191. The statute does not require, for instance, that "a victim *experienced* . . . torture, or excessive brutality or conduct designed to increase fear and anxiety," and a trial court may assess 50 points for OV 7 even when a victim "was not, in fact, aware of what was being done to him." *Id*. (cleaned up). Therefore, defendant's legal arguments fail under *Hardy* and *Kegler*.

Finally, defendant challenges the trial court's factual determination that defendant acted for his "own sadistic pleasure," arguing that defendant "was not doing anything for his own gratification, but was reacting, or over-reacting, to the aggression against him." To the contrary, the trial court reasonably inferred that defendant acted for his own gratification, given that the surveillance video shows him taunting an unconscious victim and self-assuredly bragging to passers-by. And, even if defendant is correct that "over-reacting" is incompatible with "gratification," the trial court still had sufficient evidence to conclude that defendant's acts qualified as "excessive brutality" under MCL 777.37(1)(a). In *People v James*, 267 Mich App 675, 680-681; 705 NW2d 724 (2005), this Court held that the defendant "treated the victim with sadism, torture, [and] excessive brutality" when he "repeatedly stomped the victim's face and chest after the victim was lying unconscious on the ground."

The facts of this case are substantially similar to those in *James*, although the *James* Court's summation, that the defendant "punched the victim twice, causing the victim to fall to the floor" and "stomped the victim several times," would not come close to capturing the excessive brutality of defendant's acts in this case. See *James*, 267 Mich App at 677-688. The ordinary meaning of excessive brutality is "grossly ruthless or unfeeling" and "exceeding what is usual, proper, necessary, or normal." *Merriam-Webster's Collegiate Dictionary* (11th ed). Defendant was recorded by surveillance cameras punching, kicking, stomping, and jumping on the victim's head. The victim was hospitalized for six months and became permanently disabled due to his injuries. The trial court did not err in concluding that defendant acted with "sadism" and "excessive brutality" under MCL 777.37(1)(a). The trial court correctly assigned 50 points to OV 7. Defendant is not entitled to resentencing because the trial court correctly scored the sentencing guidelines.

Affirmed.

/s/ Michael J. Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle