*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK STEPHEN JONES,

        Defendant-Appellant.

UNPUBLISHED
June 25, 2019

No. 341785
St. Clair Circuit Court
LC No. 17-001374-FH

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(e) (mental health professional), and delivery of marijuana (less than five kilograms), MCL 333.7401(2)(d)(iii). Defendant was sentenced to five years' probation with the first nine months in jail for each count. We affirm.

Defendant argues that the trial court erroneously assessed 15 points for offense variable (OV) 8. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

"[OV] 8 is victim asportation or captivity." MCL 777.38(1). OV 8 is assessed 15 points if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). However, OV 8 is assessed zero points if "[n]o victim was asported or held captive." MCL 777.38(1)(b).

-1-

The asportation element of OV 8 is satisfied "[i]f a victim is carried away or removed 'to another place of greater danger or to a situation of greater danger[.]'" *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017), quoting MCL 777.38(1)(a). "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). "Nothing in the statute requires that the movement be greater than necessary to commit" the crime. *Barrera*, 500 Mich at 21. Therefore, "movement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation under OV 8." *Id*. at 22. Additionally, "[a]sportation does not require force; asportation for the purpose of OV 8 may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger." *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013), abrogated on other grounds by *Barrera*, 500 Mich at 17.

In assessing defendant 15 points for OV 8, the trial court found:

> Well, in evaluating the behavior of the Defendant and the situations or locations in which the behavior took place there was a certain amount of secrecy involved and Defendant did play a part in, in that secretive behavior and those were places where someone else was not likely or highly unlikely to learn that behavior was taking place. [The victim] was not able to consent so you cannot say she went willingly and certainly this, these were places of greater danger to her than would be a public place than would be [defendant's] office where professional contacts took place and after giving it all of the situation, the circumstances, the behavior including where it took place including the fact that the victim was not able to consent under the circumstances the Court is of the opinion that it has been demonstrated by a preponderance of the evidence that asportation did, in fact, take place on two separate occasions. So for all of those reasons the Court will and is going to deny the challenge to the scoring of [OV] 8.

The trial court did not err in assessing 15 points for OV 8. First, defendant transported the victim from CJ Barrymore's to her house. While sitting in his car parked in her driveway, defendant kissed the victim and touched her breasts. The victim stated that CJ Barrymore's was a very public place. The car was parked outside in the victim's driveway, which is seemingly a public place. However, "[a] place of greater danger includes an isolated location where criminal activities might avoid detection." *Dillard*, 303 Mich App at 379. The car could be considered a more private, isolated location to assault the victim than CJ Barrymore's because it was more secreted from the presence or observation of others. Therefore, the victim could be deemed more vulnerable to the sexual assault, thus, constituting another place or situation of greater danger.

Second, on another occasion, defendant and the victim left her dining room to have sex in a spare bedroom. In *Barrera*, 500 Mich at 21-22, our Supreme Court found:

> The trial court concluded that [the] defendant's asportation of the victim was sufficient to score OV 8 at 15 points because [the] defendant took the victim from the living room into his bedroom in order to sexually assault her. From those facts, the trial court could reasonably determine by a preponderance of the

evidence that the victim was "removed" to a location where the sexual assault was less likely to be discovered, which rendered the location a "place of greater danger" or "a situation of greater danger." Given that determination and because such movement, whether incidental to the offense or meaningfully deliberate, may suffice to assess points for OV 8, OV 8 was properly scored at 15 points. See [*Chelmicki*, 305 Mich App at 70-71] (stating that "[a] victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others"), citing *People v Steele*, 283 Mich App 472, 491; 769 NW2d 256 (2009).

Similarly, here, defendant took the victim from the dining room into a spare bedroom to sexually assault her. Therefore, the assessment of 15 points for OV 8 was appropriate because the victim was "removed" to a location where the assault was less likely to be discovered – a "place of greater danger" or "a situation of greater danger." *Id*. at 22. Therefore, the trial court did not err in assessing 15 points for OV 8.

However, even if the trial court erred in assessing OV 8, it would not affect defendant's appropriate guidelines range. Defendant had a total of 20 prior record variable points, placing him at Level C. Even if OV 8 had been assessed zero points, defendant's total OV score would be reduced from 90 to 75 points keeping him in OV Level III (16+ points) under the applicable sentencing grid. MCL 777.68. Therefore, because defendant's sentencing guidelines range would not change, resentencing would not be required even if OV 8 were incorrectly assessed. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").

Affirmed.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica